BREAU
vs.
LANDRY ET AL.

### BREAU vs. LANDRY ET AT.

APPEAL FROM THE COURT OF PROBATES, FOR THE PARISH OF ST. MARTIN.

Where the husband seeks to recover certain property as his part of the community, in his own right, from the heirs of his deceased wife, who claim it under her last will, although he may give to his suit, the form of an action of partition, yet it involves title, and the probate court is without jurisdiction.

This is a suit purporting to be an action of partition. The plaintiff as surviving husband, sues in his own right, and in behalf of two of his children by his deceased wife, Mathilde Broussard, alleges that a community of property existed between the spouses during marriage; among other things, there was a plantation and improvements, belonging to said community, at its dissolution, one-half of which belongs to him, and the other to the children and legal heirs of his deceased wife, which has never been partitioned among them. That Lise Landry, widow of Alexander Breau, one of said children, now wife of Gilbert Sourier, being an heir of Mathilde Broussard, have taken possession of the plantation and improvements without any legal right, and retain the same, in virtue of a pretended will of said Mathilde, whereby she bequeathed her property to her eight children. The plaintiff admits the will may be good, as regards one-half of said property, but that the other, belongs of right to him, as surviving partner of the community. A partition is prayed for according to law.

WESTERN DIST.

September, 1840.

BREAU
vs.
LANDRY ET AL.

The defendants plead the general issue, and aver that the community property of the plaintiff and wife had been partitioned, and definitively settled between the plaintiff and the heirs ; and that the property now claimed, had been set apart to Alexander Breau, one of the heirs of said Mathilde, and of which these defendants are now in the quiet and peaceable possession.

The answer sets up various other matters in defence, and avers that the plaintiff is without any cause of action ; that this suit is vexatious, and intended to harass the defendants, by reason whereof, they claim five hundred dollars in damages.

Upon these issues and pleadings, the case was brought before the Court of Probates. The judge of the probate court, was of opinion, the issue between the parties involved questions of title, and that he had no jurisdiction of the case. There was judgment dismissing the suit for want of jurisdiction, and the plaintiff appealed.

*Neveu*, for the plaintiff, argued to show that this was clearly an action of partition among heirs, of the succession of Mathilde Broussard deceased, and that the Court of Probates has exclusive jurisdiction.

*Voorhies*, contra, insisted that the case involved questions of title, which could only be inquired into by the courts of general jurisdiction. The defendants claimed the property in their own right, as having been bequeathed to them by the deceased wife of the plaintiff. It had been partitioned, and they claimed under a title.

*Morphy, J.*, delivered the opinion of the court.

The plaintiff is appellant from a judgment of the Court of Probates, of the parish of St. Martin, dismissing his action for want of jurisdiction. The petition charges, that at the death of Mathilde Broussard, the wife of Pierre Breau, the present plaintiff, all the property then existing, was community pro-

12          VOL. XVI.

WESTERN DIST.
September, 1840.

BREAU
*vs.*
LANDRY ET AL.

perty. That part of it consisted of a plantation of twelve arpents, on the Bayou Teche, with certain improvements made during the marriage ; that since the death of Mathilde Broussard, her husband, Pierre Breau, has caused to be built on said land, out of his private funds, a cotton-gin house, and has purchased and employed ten thousand fencing *pieux*, in enclosing the greatest part of the plantation ; that one-half of all said property belonged to Pierre Breau, and the other· half to the heirs and legal representatives of his deceased wife ; that Lise Landry, the widow of Alexander Breau, and tutrix of his children, and her present husband, Gilbert Sourier, have forcibly and unlawfully taken possession of said land, and the improvements ; and do still retain the possession of the same, against the will and consent of the petitioner, in virtue of a pretended will and testament of the said Mathilde Broussard ; whereby she bequeathed the said land and part of the improvements to her children, the defendants. That the said last will may be good, with regard to the share of the said Mathilde Boussard in the said plantation, but that it is without effect as to the share of said Pierre Breau, and that it is almost impracticable to divide the said land and improvements in kind without injury to the parties concerned; the petition then concludes with a prayer for a partition, &c.

Where the husband seeks to recover certain property as his part of the community, in his right, from the heirs of his deceased wife, who claim it under her last will, although he may give to his suit the form of an action of partition, yet it involves title, and the Probate Court is without jurisdiction.

We think, that the judge below acted correctly in declining to take jurisdiction. Pierre Breau, does not claim, as one of the heirs of his wife, Mathilde Broussard, but he seeks to recover from them property belonging to him in his own right, and which his wife, as he alleges, unlawfully bequeathed to them. The form of a partition, which he has given to his action, cannot change the nature of his claim, which is clearly one for the recovery of property, alleged to be unjustly withheld from him. His ownership is not admitted by the defendants, who hold as absolute owners, under the will of their mother, and are in actual possession. The validity and strength of their title cannot be passed upon by the Court of Probates. 2 *Louisiana Reports, 25, Sharp* vs. *Knox.* As to the improvements alleged to have been made by Pierre Breau - on the plantation, since the dissolution of the community,

they may entitle him to a claim against the heirs of his wife, in a court of ordinary jurisdiction, should they be declared the sole proprietors of the land.

It is, therefore, ordered, that the judgment of the court below be affirmed, with costs.

---

### DELAHOUSSAYE *vs.* DUMARTRAIT.

#### ON A RE-HEARING.

The exception of *quæ temporalia sunt ad agendum, sunt perpetua ad excipiendum*, exists only in favor of the defendant in possession of the property, or right sought to be recovered.

So, where a person has delivered possession of property, or *ratified a sale, when a minor,* he cannot afterwards bring a petitory action, to compel the purchaser to produce his title, and then, by way *of exception*, ask for the rescission or nullity of the sale, when in fact he was barred by prescription from bringing a direct action of rescission or nullity.

This case comes up on a re-hearing. At the September term, 1832, of this court, holden at Opelousas, a judgment was rendered disallowing the defendant's plea of prescription, opposed to the plaintiff's demand. See 4 *Louisiana Reports*, 368.

The plaintiff had a judgment against B. Delahoussaye, (who had been his curator) obtained in 1827, with a legal mortgage on all his property which he owned at and since the 14th of October, 1814. He now seeks to enforce this mortgage against a tract of land, sold under execution, as the property of said Balthazar Delahoussaye, and purchased by the defendant in June, 1822. The defendant had made an exchange of this tract with one Leufroy Prevost, for another of the same value. On the 24th of March, 1823, the plaintiff, *then a minor*, executed an act of renunciation in favor of both Dumartrait and Prevost, of all his claim and right of

WESTERN DIST.  mortgage against said land, and approving and ratifying said
*September,* 1840.  sale.

DELAHOUSSAYE
*vs.*
DUMARTRAIT.

On the 26th of November, 1824, the plaintiff was of full age, and on the 19th of July, 1830, nearly six years afterwards, he brought his action to recover or subject this property to his legal mortgage against his curator.

The district judge, after hearing the case, was of opinion the plaintiff was completely barred from exercising his hypothecary action against the property in the possession of defendant, by prescription, more than four and five years having elapsed after he came of full age, before the institution of this suit.

There was judgment dismissing the suit, and quieting the defendant in the possession of the property. The plaintiff appealed.

[This cause was originally argued by *Mr. Brownson,* for the plaintiff, and by *Mr. Simon,* for the defendant. See 4 *Louisiana Reports,* 370. The case was decided in September, 1832, and printed in the Reports. A re-hearing was afterwards granted, although there was some uncertainty as to whether the time allowed in such cases had not expired. A consent rule was entered, and this case is now decided as if in the first instance. The former decision goes for nothing.]

The case was submitted at this term, by *Mr. T. H. Lewis,* for the plaintiff, and by *Mr. Voorhies,* for the defendant.

*Morphy, J.* delivered the opinion of the court.

This is an hypothecary action against property in the hands of the defendant, as a third possessor, and was brought to satisfy a judgment, obtained by the plaintiff, against Balthazar Delahoussaye, who was his curator, and to whom the land formerly belonged. The defence set up, is that, in a notarial act in which the plaintiff was assisted by his curator, he renounced his tacit mortgage on the premises; that although he was then a minor, he cannot now ask for the nullity or rescission of his renunciation, because he is barred by prescription; more than *five years* having elapsed between his coming of age and the institution of this suit.

*[Margin notes:]* WESTERN DIST. September, 1840. DELAHOUSSAYE *vs.* DUMARTRAIT. The exception of *quæ temporalia sunt ad agendum, sunt perpetua, ad excipiendum*, exists only in favor of the defendant in possession of the property, or right sought to be recovered.

So, where a person has delivered possession of property, or *ratified a sale*, *when a minor*, he cannot afterwards bring a petitory action to compel the purchaser to produce his title, and then, by *way of exception*, ask for the rescission or nullity of the sale, when in fact he was barred by prescription from bringing a direct action of rescission or nullity.